BOARD OF PUBLIC INSTRUCTION FOR BRADFORD COUNTY and FRANK L. RYAN, BURT T. RYAN and W. G. SUTHERLAND, Co-partners, Doing Business as Ryan, Sutherland & Company, v. GEORGE COUPER GIBBS, as State Attorney General.

197 So. 443

En Banc

Opinion Filed July 16, 1940

*H. V. Knight, G. P. Garrett* and *Hope Strong,* for Petitioners;

*George Couper Gibbs,* Attorney General, and *J. Compton French,* Assistant Attorney General, for Defendant.

BUFORD, J.—This cause is before us on petition for alter-

native writ of mandamus and objection by the Attorney General of Florida to the issuance of such writ.

The petition shows in short that $5,000.00 of certain bonds issued by the Board of Public Instruction of Bradford County, Florida, under the provisions of Chapter 9374, Special Acts of 1923, became in default and on the 28th day of February, 1940, the holders thereof procured judgment in the United States District Court on such bonds and on the interest coupons attached thereto in the total sum (principal and interest) of $7,597.50.

It is alleged further:

"Your petitioners, the Board of Public Instruction for Bradford County, Florida, have available the sum of $5,000.00 in cash belonging to a special tax school district of said county, which the said Board has offered to pay to your petitioners, Ryan, Southerland & Company, in cash, in full satisfaction of the said judgment, thereby saving to Bradford County, Florida, a large sum of money incorporated in said judgment, namely, $2,597.50, plus interest thereon at six per cent per annum from February 28, 1940, to date of payment and plus costs of court as aforesaid.

"Your petitioner, the Board of Public Instruction for Bradford County, Florida, made such offer after the same had been approved by the Superintendent of Public Instruction for the State of Florida, the Honorable Colin English, as a proper investment for said special tax school District Funds.

"Your petitioner, the said Ryan, Southerland & Company, accepted said offer, and agreed to settle said judgment for said sum.

"The proposition made by the Board of Public Instruction for Bradford County, Florida, to settle said judgment for the sum of Five Thousand Dollars in cash, as aforesaid, was a proposition to purchase said bonds at par or less,

and to that end to invest the sinking funds of the special tax school district therein."

The prayer is that, "This Court will issue an alternative writ of mandamus, directed to the Honorable George Couper Gibbs, as Attorney General of the State of Florida, commanding him forthwith to approve the aforesaid purchase of said bonds by the said Board of Public Instruction for Bradford County, Florida, from the said Ryan, Southerland & Company in accordance with the terms of the aforesaid agreement between the parties, petitioners in this suit, which agreement has been heretofore approved by the Superintendent of Public Instruction of the State of Florida."

It is contended that it is the duty of the Attorney General to approve the purchase described and contemplated because of the provisions of Section 1055 of Chapter 19355, Acts of 1939, known as the School Code. That section is:

"Sinking Fund May Be Invested in Certain Bonds: Attorney General To Pass on Legality of Bonds To Be Purchased. The County Board shall have power at all times to invest the sinking fund collected for the retirement of any bonds of any school district in the bonds of another school district of the same county: Provided that the said bonds shall be purchased at par or less, and the County Board shall have further right to invest the sinking fund of any district in any general county bonds of the same county;

"Provided that the said bonds shall be of such date and maturity that they will mature on or before the date of the maturity of the district's bonds with whose sinking fund they have been purchased; and

"Provided further, that it shall be the duty of the County Board before investing the sinking fund as herein provided to secure the opinion of the Attorney General of the State

of Florida, approving the legality and validity of the bonds to be so purchased, and no bonds shall ever be purchased by any County Board which have not been entirely and fully approved by the opinion of the Attorney General as herein provided; Provided always that the County Board shall have the right to keep the sinking fund on deposit earning the rate of interest agreed upon until such time as in their judgment they may be able to invest it in bonds to better advantage, as herein provided for."

This statutory provision authorizes the purchase of outstanding bonds of designated character and only in such cases as have the approving opinion of the Atorney General. There might be a number of good reasons why the Attorney General would be unwilling in the exercise of his discretion to approve the purchase of bonds which might appear to come within the purview of the statute. In such cases his affirmative action could not properly be coerced in mandamus unless it should be made clearly to appear that his refusal to approve was arbitrary, capricious or unreasonable.

When, as is shown by the petition, the judgment was obtained in suit on the $5,000.00 in bonds the bonds merged into the judgment and thereafter ceased to exist as lawful obligations. In legal contemplation those bonds were extinguished and cancelled by the entry of the judgment and the bonds as such were and are of no value.

The statute does not authorize the purchase of judgments but only the purchase of bonds. Such bonds as are contemplated by the statute must be valid, binding and then existing legal obligation. Even as to such bonds the Attorney General's approving opinion may be withheld if for any reason he considers the bonds proposed to be so purchased to be of doubtful value or an unsafe investment.

For the reasons stated, the alternative writ is denied.
So ordered.

TERRELL, C. J., WHITFIELD, BROWN, CHAPMAN and THOMAS, J. J., concur.